FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 21 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSIE GLADSON                                                              PLAINTIFF

VS.                          NO. 4·08-CV-1783 JMM

PHIL MASK, individually, and in his official
capacity as Sheriff of Saline County, Arkansas;
BILL FIELDS, individually, and in his official
capacity as Chief Deputy of the Saline County
Sheriff's Department; and, SALINE COUNTY,
ARKANSAS                                                                  DEFENDANTS

This case assigned to District Judge Moody
and to Magistrate Judge Jones

## COMPLAINT

COMES THE PLAINTIFF, Jessie Gladson, by and through her attorney, Edward G. Adcock, Arkansas Bar No. 83001, and for hers Complaint, states and alleges as follows, *to wit*:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **Jessie Gladson,** against Defendants **Phil Mask, Bill Fields** and **Saline County, Arkansas,** alleging, as more specifically set forth below: [a] that the individual Defendants, acting individually and in their official capacity as staff officers and policy makers in and for the Saline County Sheriff's Department, did knowingly and willfully and purposefully ignore a known danger to the Plaintiff's son; [b] that the conduct of the individual defendant complained of above was pursuant to a policy, pattern and practice of the Saline County Sheriff's Department and purposefully designed to provide preferential treatment to a person known to be a danger to Plaintiff's son, thereby

1

denying Plaintiff and her son of the equal protection of the law; **[c]** that the Defendants' conduct complained of herein was a proximate cause of the death of Plaintiff's son; and **[d]** that the Defendants' conduct complained of herein was, arbitrary and capricious and failed to serve a legitimate governmental purpose and, hence, denied Plaintiff and her son of the substantive due process of law.

## II.

### Jurisdiction and Venue

**1.** Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically the right to the equal protection of the law and substantive due process guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**2.** Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the boundaries of Saline County, Arkansas within the Western Division of the Eastern District of Arkansas.

## III.

### Parties

**3.** Plaintiff, Jessie Gladson, is a resident of Benton, Saline County, Arkansas.

**4.** Defendant, Phil Mask, is a resident of Saline County, Arkansas. At all times pertinent hereto he was the Saline County Sheriff.

**5.** Defendant, Bill Fields, is a resident of Saline County, Arkansas. At all times pertinent hereto he was Chief Deputy of the Saline County Sheriff's Department.

6.  Defendant, Saline County, is a governmental entity duly authorized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of its agents and employees complained of herein were under color of state law.

## IV.

### Facts

7.  Plaintiff, Jessie Gladson, is the natural mother of Brad Stephen Abercrombie (hereafter "Abercrombie"), now deceased.

8.  In the fall of 2006, John Gladson, husband of Plaintiff Jessie Gladson, complained to officers of the Saline County Sheriff's Department that one Willie Stephen Potter (hereafter "Potter") was stalking Abercrombie and his [Abercrombie's] girlfriend, that Potter had threatened to kill both of them, and, generally, that Potter posed a real and legitimate threat to the safety of Abercrombie and his girl friend. John Gladson specifically asked the Saline County Sheriff's Department to protect Abercrombie and the girlfriend or, at the very least, to enforce the existing Order of Protection or arrest Potter on one or more of the existing warrants then outstanding on him.

9.  John Gladson spoke directly with Defendants Mask and Fields, telling them that Potter had threatened his stepson and his girlfriend, that Potter had violated an Order of Protection directing him to stay away from the girl friend, that Potter had and continued to stalk Abercrombie and the girl friend, that Potter was dangerous and seriously emotionally disturbed and, generally, that he [Potter] posed an immediate and serious threat to Abercrombie and to his girlfriend.

10. Previously, upon information and belief, Abercrombie had told an as-of-

3

yet-unknown officer of the Saline County Sheriff's Department the same thing, specifically asking the Saline County Sheriff's Department for protection from Potter, both for himself and for his girlfriend.

**11.** The named Defendants in particular and the Saline County Sheriff's Department in general completely ignored Abercrombie's plea for protection and Gladson's plea for help on behalf of Abercrombie. Upon information and belief, Abercrombie's and Gladson's pleas for help were ignored because the Saline County Sheriff's Department used Potter as a confidential informant.

**12.** Subsequently, as a direct and proximate result of the inaction of the named Defendants in particular and the Saline County Sheriff's Department in general, on December 21, 2006, Potter did, in fact, stalk and murder Abercrombie and his girl friend, just as Abercrombie and Gladson had told Mask and Fields and the Saline County Sheriff's Department he would if not restrained.

**13.** The Defendants, because of Potter's status as a confidential informant, provided preferential treatment to Potter and, in so doing, discriminated against Abercrombie and his girl friend thereby depriving them of the equal protection of law guaranteed them by the Fifth and Fourteenth Amendments to the Constitution of the United States.

**14.** The following facts were known to Defendants:  1) that Potter had threatened his girlfriend and Abercrombie; 2) that Potter had a previous history of violence; 3) that Potter was a drug abuser and irrational; 4) that Potter had harmed the girlfriend in the past; 4) that Potter had violated an Order of Protection; 5) that Potter had outstanding warrants for his arrest when Gladson and Abercrombie complained; 6) that

Potter had a history of irrational and "crazy" behavior; and, 7) that Potter was stalking Abercrombie and the girl friend. Nevertheless, Defendants ignored plainly obvious threat Potter posed and did nothing. That, in light of these facts, Defendants inaction was arbitrary and capricious, leading ultimately to Abercrombie's murder, and thereby denying Abercrombie and Plaintiff of their rights to substantive due process of law

**15.** The acts and conduct of Defendants Mask and Fields complained of above were willful and malicious and committed with a willful disregard for the rights of Abercrombie and Plaintiff herein.

**16.** As a result of the actions and conduct of Defendants complained of above Plaintiff has suffered actual damages, including but not limited to extreme emotional distress.

## V.

## Causes of Action

**17.** Plaintiff incorporates Paragraph Nos. 1 through 16, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

**(a)** The acts and conduct of the defendants complained of herein deprived Plaintiff and her decedent of their right to equal protection of the law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States;

**(b)** The acts and conduct of the Defendants complained of herein deprived Plaintiff and her decedent of substantive due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States;

## VI.

### Demand for Jury Trial

18.     Plaintiff demands a trial by jury.

### VII.

### Prayer for Relief

In consideration of the foregoing, Plaintiff, Jessie Gladson, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, Prays for this Court to issue a Judgment:

**(a)**     Declaring that the acts and conduct of Defendants deprived Plaintiff and her decedent of the equal protection of the law;

**(b)**     Declaring that the acts and conduct of Defendants deprived Plaintiff of substantive due process of law;

**(c)**     Awarding Plaintiff actual and compensatory damages in an amount to be proved at trial;

**(d)**     Awarding Plaintiff punitive damages against the individual Defendants herein;

**(e)**     Awarding Plaintiff her costs incurred in bringing this action, including reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

**(f)**     Enjoining Defendants from any further acts or conduct of like nature;

**(g)**     Awarding Plaintiff all other just and equitable relief to which he may be entitled as this Court deems just and proper.

DATED this 21st day of August, 2008

Respectfully submitted,

**JESSIE GLADSON**

By: _____
**Edward G. Adcock**
**Arkansas Bar No. 83001**
1018 Cumberland # 11
Little Rock, AR. 72202
Phone: (501) 690-6104

7