**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JESSIE GLADS0N, individually, and in
Her capacity as Personal Representative
Of the Estate of Brad Stephen Abercrombie,
Deceased                                                                                    PLAINTIFF

VS.                                  NO. 4:08cv01783 JMM

PHIL MASK, individually, and in his official
Capacity as Sheriff of Saline County, Arkansas;
BILL FIELDS, individually, and in his official
Capacity as Chief Deputy of the Saline County
Sheriff's Department; and, SALINE COUNTY,
ARKANSAS                                                                                 DEFENDANTS

**EXHIBIT NO. 1**

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**PLAINTIFF'S
FIRST AMENDED COMPLAINT**

1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSIE GLADS0N, individually, and in
Her capacity as Personal Representative
Of the Estate of Brad Stephen Abercrombie,
Deceased                                                                                       PLAINTIFF

VS.                            NO. 4:08cv01783 JMM

PHIL MASK, individually, and in his official
Capacity as Sheriff of Saline County, Arkansas;
BILL FIELDS, individually, and in his official
Capacity as Chief Deputy of the Saline County
Sheriff's Department; and, SALINE COUNTY,
ARKANSAS                                                                                    DEFENDANTS

## FIRST AMENDED COMPLAINT

**COMES THE PLAINTIFF, Jessie Gladson,** individually, and on behalf of the Estate of Brad Stephen Abercrombie, by and through her attorney, Edward G. Adcock, Arkansas Bar No. 83001, and for her Complaint, states and alleges as follows, *to wit*:

### I.

### Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **Jessie Gladson,** acting individually, and on behalf of the Estate of Brad Stephen Abercrombie, against Defendants **Phil Mask, Bill Fields** and **Saline County, Arkansas,** alleging, as more specifically set forth below: **[a]** that the individual Defendants, acting individually and in their official capacity as staff officers and policy makers in and for the Saline County Sheriff's Department, did knowingly and willfully and purposefully ignore a known danger to the Plaintiff's son, specifically, Brad Stephen Abercrombie; **[b]** that

the conduct of the individual defendants complained of above and in the text below was pursuant to a policy, pattern or practice of the Saline County Sheriff's Department purposefully designed to provide preferential treatment to a person known to be a danger to Plaintiff's son, thereby denying Plaintiff and the decedent, Brad Stephen Abercrombie, of the equal protection of the law; **[c]** that the conduct of the individual defendants complained of above and in the text below was pursuant to a policy, pattern or practice of the Saline County Sheriff's Department wherein it purposefully failed and refused to afford a reasonable priority to the investigation and resolution of domestic violence complaints and that said policy, pattern or practice logically and proximately caused the death of Plaintiff's decedent and his girlfriend, one Jessica Morgan; **[d]** that the individual defendants owed a duty to protect to Plaintiff's decedent, Brad Stephen Abercrombie, that they failed to meet that duty, that their behavior in doing so was a proximate cause of the death of Plaintiff's Decedent, Brad Stephen Abercrombie, and, finally, that their behavior was wanton and purposeful and, hence, that they are without the sovereign immunity affirmative defense normally afforded governmental actors; **[e]** that the conduct of the individual defendants complained of herein was wanton and malicious; and, **[f]** that the conduct of the individual defendants complained of herein was unreasonable, arbitrary, capricious and failed to serve a legitimate governmental purpose and, hence, denied Plaintiff and her son of the substantive due process of law.

## II.

### Jurisdiction and Venue

**1.** Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by

the Constitution of the United States, specifically the right to the equal protection of the law and substantive due process guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. This Court's ancillary jurisdiction is invoked to hear claims and causes of action arising out of the laws of the State of Arkansas.

    **2.**  Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the boundaries of Saline County, Arkansas within the Western Division of the Eastern District of Arkansas.

### III.

### Parties

    **3.**    Plaintiff, Jessie Gladson, is a resident of Benton, Saline County, Arkansas. Plaintiff is also the personal representative of the Estate of Brad Stephen Abercrombie established in Saline County Circuit Court / Probate Division No. PDE. NO. 2008-445 and she brings this action both in her individual capacity and on behalf of the Estate of Brad Stephen Abercrombie per the Order of the Saline County Circuit Court / Probate Division entered in the above-mentioned matter on January 9, 2009.

    **4.**    Defendant, Phil Mask, is a resident of Saline County, Arkansas. At all times pertinent hereto he was the Saline County Sheriff. All of the acts and conduct on the part of Defendant Mask complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983.

    **5.**    Defendant, Bill Fields, is a resident of Saline County, Arkansas. At all times pertinent hereto he was Chief Deputy of the Saline County Sheriff's Department.

All of the acts and conduct on the part of Defendant Fields complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983.

**6.** Defendant, Saline County, is a governmental entity duly authorized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of its agents and employees complained of herein were under color of state law within the meaning of 42 U.S.C. Section 1983.

## IV.

## Facts

**7.** Plaintiff, Jessie Gladson, is the natural mother of Brad Stephen Abercrombie (hereafter "Abercrombie"), now deceased. Plaintiff, Jessie Gladson, is also the personal representative of the Estate of Brad Stephen Abercrombie established in Saline County Circuit Court / Probate Division No. PDE. NO. 2008-445 and she brings this action both in her individual capacity and on behalf of the Estate of Brad Stephen Abercrombie per the Order of the Saline County Circuit Court / Probate Division entered in the above-mentioned matter on January 9, 2009. All averments and claims made herein are made on behalf of Plaintiff, Jessie Gladson, individually, and on behalf of the Estate of Brad Stephen Abercrombie, for redress of grievances and claims of Plaintiff and her decedent, Abercrombie.

**8.** In the fall of 2006, John Gladson, husband of Plaintiff Jessie Gladson, complained to officers of the Saline County Sheriff's Department that one Willie Stephen Potter (hereafter "Potter") was stalking Abercrombie and his [Abercrombie's] girlfriend, one Jessica Morgan (hereafter "Morgan"), that Potter had threatened to kill both of them, and, generally, that Potter posed a real and substantial threat to the safety of Abercrombie

and Morgan. John Gladson specifically asked the Saline County Sheriff's Department to protect Abercrombie and the girlfriend, to enforce the existing Order of Protection, arrest Potter on one or more of the existing warrants then outstanding on him or, at the very least, to investigate the claims and take whatever action they deemed reasonable.

9. John Gladson spoke directly with Defendants Mask and Fields, telling them that Potter had threatened his stepson and his girlfriend, that Potter had violated an Order of Protection directing him to stay away from the girl friend, that Potter had stalked and threatened and continued to stalk and threaten Abercrombie and Morgan, that Potter was a dangerous and a seriously emotionally and mentally disturbed man and, generally, that he [Potter] posed an immediate, serious and realistic imminent threat of harm of death to Abercrombie and Morgan.

10. Previously, upon information and belief, Abercrombie had told an as-of-yet-unknown officer of the Saline County Sheriff's Department the same thing, specifically asking the Saline County Sheriff's Department for protection from Potter, both for himself and for Morgan.

11. Previously, upon information and belief, Morgan filed a formal complaint with the Domestic Violence Unit of the Saline County Sheriff's Department, alleging specifically that Potter had threatened to kill her and Abercrombie, that Potter had stalked and harassed her and Abercrombie and, finally, that Potter had a past history of violence toward Her and others and that she feared for her life and that of Abercrombie

12. The named Defendants in particular and the Saline County Sheriff's Department in general completely ignored all these pleas for help, *see* Paragraph Nos. 8, 9, 10 & 11, above, did not investigate the claims of Morgan, and, again upon information

and belief, made a conscious choice not to pursue the domestic violence complaint[s] against Potter and made the conscious choice not to specifically investigate said claims and not to attempt enforcement of the then-extant Order of Protection pending in the Saline County Circuit Court. Upon information and belief, the pleas for help and protection from Gladson, Abercrombie and Morgan were ignored because the Saline County Sheriff's Department used Potter as a confidential informant.

13. Further, upon information and belief, the individual Defendants conscious refusal to reasonably investigate and prosecute Abercrombie's and Morgan's claims of domestic violence was a part of a pattern, custom and practice of the Saline County Sheriff's Department wherein it failed and refused to place a reasonable priority upon the investigation and prosecution of complaints on the part of female citizens of Saline County of domestic violence, deliberately choosing, rather, to remove assets and personnel from domestic violence prevention and investigations and to focus its efforts elsewhere on more publicized law enforcement arenas.

14. Subsequently, as a direct and proximate result of the inaction of the named Defendants in particular and the Saline County Sheriff's Department in general, *see,* Paragraphs Nos. 8, 9, 10, 11, 12, and 13, above, on December 21, 2006, Potter did, in fact, murder Abercrombie and Morgan, just as Morgan, Abercrombie and Gladson had told Mask and Fields and the Saline County Sheriff's Department he would if not restrained.

15. The Defendants, because of Potter's status as a confidential informant, provided preferential treatment to Potter and, in so doing, discriminated against Abercrombie and Morgan thereby depriving them of the equal protection of law and

7

substantive due process of law guaranteed them by the Fifth and Fourteenth Amendments to the Constitution of the United States.

    **16.** The acts and conduct (the inaction) on the part of the Defendants set forth above were part of and consistent with a pattern, custom, policy or practice of the Saline County Sheriff's Department wherein it failed and refused to prioritize domestic abuse complaints, choosing rather to remove assets from domestic violence investigation and prevention efforts and choosing to focus on more "visible" law enforcement efforts.

    **17.** The following facts were known to Defendants:  **a]** that Potter had threatened Abercrombie and Morgan; **b)** that Potter had a previous history of violence; **c ]** that Potter was a drug abuser and irrational; **d]** that Potter had harmed the girlfriend in the past; **e]** that Potter had violated an Order of Protection; **f]** that Potter had outstanding warrants for his arrest when Morgan, Gladson and Abercrombie complained; **g]** that Potter had a history of irrational and "crazy" behavior; **h]** that Potter was stalking Abercrombie and Morgan; and **I]** that Mask, Fields and Saline County, in the form of the Saline County Sheriff's Department, owed a duty to Abercrombie and Morgan to protect them.  Defendants' failure to act was a proximate cause of the deaths of Morgan and Abercrombie and, given these known facts, *see* subsections a] through i], above, the Defendants failure to act was willful, purposeful and malicious, thereby depriving Defendants of the affirmative defense of sovereign immunity ordinarily afforded governmental actors.

    **18.** The acts and conduct of Defendants Mask and Fields complained of above were willful and malicious and committed with a willful disregard for the rights of Abercrombie and Plaintiff herein.

**19.** As a result of the actions and conduct of Defendants complained of above Abercombie and the individual Plaintiff named above suffered actual damages, including but not limited to extreme emotional distress, loss of constitutional rights and, in the case of Abercrombie, death. .

## V.

## Causes of Action

**20.** Plaintiff incorporates Paragraph Nos. 1 through 19, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

- **(a)** The acts and conduct of the defendants complained of herein deprived Plaintiff and her decedent of their right to equal protection of the law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States;

- **(b)** The acts and conduct of the Defendants complained of herein deprived Plaintiff and her decedent of substantive due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States; and

- **(c)** The acts and conduct of the Defendants were negligent and caused the death of Plaintiff's decedent, Brad Stephen Abercrombie;

- **(d)** The acts and conduct of Defendants Mask and Fields were willful and malicious and purposeful.

## VI.
## Demand for Jury Trial

**21.** Plaintiff demands a trial by jury.

## VII.

**Prayer for Relief**

In consideration of the foregoing, Plaintiff, Jessie Gladson, after service of this Complaint upon the Defendants herein, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, Prays for this Court to issue a Judgment:

a. Declaring that the acts and conduct of Defendants deprived Plaintiff and her decedent of the equal protection of the law;

b. Declaring that the acts and conduct of Defendants deprived Plaintiff of substantive due process of law;

c. Declaring that the acts and conduct of Defendants were negligent and proximately caused the death of Plaintiff's decedent;

d. Awarding Plaintiff actual and compensatory damages in an amount to be proved at trial;

e. Awarding Plaintiff punitive damages against the individual Defendants herein;

f. Awarding Plaintiff her costs incurred in bringing this action, including reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

g. Enjoining Defendants from any further acts or conduct of like nature; and,

h. Awarding Plaintiff all other just and equitable relief to which he may be entitled as this Court deems just and proper.

**DATED** this 30th day of January, 2009

                                        Respectfully submitted,

                                        **JESSIE GLADSON, individually, and in her official capacity as personal representative of the Estate of Brad Stephen Abercrombie**

By:  /s/ Edward G. Adcock_____
**Edward G. Adcock**
Arkansas Bar No. 83001
1018 Cumberland # 11
Little Rock, AR 72202
Office Telephone:  501.690.6104
Facsimile: 501.374.5198
Email: egalaw@aol.com

### CERTIFICATE OF SERVICE

I, Edward G. Adcock, Arkansas Bar No. 83001, do hereby certify that on this 30th day of January, 2009 I filed the above and foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to the following:

Mr. George D. Ellis
Email: gellisinbenton@swb.net

/s/ Edward G. Adcock_____
**Edward G. Adcock**
Arkansas Bar No. 83001