IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSIE GLADSON, individually, and in
her capacity as Personal Representative
of the Estate of Brad Stephen Abercrombie,
deceased                                                                                          PLAINTIFF

VS.                                    NO. 4:08-cv-1783-JMM

PHIL MASK, individually, and in his official
capacity as Sheriff of Saline County, Arkansas;
BILL FIELDS, individually, and in his official
capacity as Chief Deputy of the Saline County
Sheriff's Department; SALINE COUNTY,
ARKANSAS; and the CITY OF BENTON,
ARKANSAS                                                                                       DEFENDANTS

**STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Separate Defendants Phil Mask and Bill Field submit this Statement of Material Facts as to Which There is No Genuine Issue to be Tried:

1. On December 20, 2006, Steven Potter murdered his former wife, Jessica Morgan, and her boyfriend, Brad Abercrombie, then moments later, committed suicide. Second Amended Complaint, paragraph 16.

2. Chief Deputy Sheriff Bill Field was head of the Administrative Division of the Saline County Sheriff's Office (SCSO). Exhibit A, Deposition of Bill Field p. 6.

3. Bill Field had one conversation with John Gladson in which Gladson expressed concern over what Steven Potter might do to his family, although he did not mention by name Brad Abercrombie, his stepson. *Id*. at p. 11.

4. In the course of the conversation with Bill Field, John Gladson never stated what he

wanted the Sheriff's Office to do about Steven Potter's threats to his family. *Id*. at p. 29.

5. As far as Bill Field is aware, Brad Abercrombie never came to the Sheriff's Office to express his concern about threats made by Steven Potter. *Id*.

6. At all times pertinent to the allegations of Plaintiff, Phil Mask was Sheriff of Saline County, Arkansas. Exhibit B, Deposition of Phil Mask p. 6.

7. Although it is of such substance and magnitude that Phil Mask believes that he would recall it, Phil Mask does not recall ever having a conversation with John Gladson regarding threats made by Steven Potter to Brad Abercrombie or his girlfriend, Jessica Morgan. *Id*. at pp. 42-43.

8. Bruce Pennington became Sheriff in January of 2009. Exhibit C, Deposition of Bruce Pennington p. 11.

9. As of December 2006, and prior thereto, Bruce Pennington was a Deputy at the SCSO. *Id*. at p. 12.

10. Bruce Pennington does not recall a conversation with John Gladson regarding Gladson's stepson Brad, never had a conversation with John Gladson about conversations Gladson claims to have had with Phil Mask or Bill Field, does not remember a conversation with Gladson regarding Steven Potter, does not know Steven Potter, did not know Steven Potter while he served as a Sergeant with the Sheriff's Office, and knows nothing about Steven Potter's threat to harm Jessica Morgan or Brad Abercrombie. *Id*. at pp. 13-14.

11. Bruce Pennington has no knowledge regarding Steven Potter's providing information to the Criminal Investigation Division about a drug bust. *Id*. at p. 14.

12. John Gladson went to Bill Field with the complaint that Steven Potter was threatening his stepson and his stepson's girlfriend because Field, as Chief Administrative Officer, is the one who

always came to Gladson for contributions to the Sheriff's campaign. Exhibit D, Deposition of John Gladson p. 7.

13. The official investigative file of the Saline County Sheriff's Office reflects that prior to the murder-suicide, Steven Potter and Jessica Morgan had been intimate. Exhibit E, Deposition of Mike Frost pp. 14-15.

14. According to the official investigative file, on December 20, 2006, or the day before, Jessica Morgan had breakfast with the Potter family, and she and Steven Potter went Christmas shopping together. *Id*. at p. 16.

15. Steven Potter was not a confidential informant for the Saline County Sheriff's Office in 2006 or any other time. *Id*. at p. 26.

16. On the evening of December 20, 2006, just prior to his committing the murder-suicide, Steven Potter called his former wife, Rhonda Kelly, and told her that he was hiding and he was going to kill "all of them." *Id*. at p. 55.

17. If a warrant had been issued for Steven Potter, and had he been arrested, he would have been out of jail the day after the arrest, and he still might have committed the murder-suicide. *Id*. at pp. 58-59.

18. When Alisha Vaughan interviewed Jessica Morgan and her mother regarding alleged threats by Steven Potter, she learned that the event complained of occurred in the city of Benton, so she referred them to the Prosecuting Attorney or the Benton Police Department. Exhibit F, Affidavit of Alisha Vaughan p. 1.

19. As long as she was part of the Domestic Violence Unit, Alisha Vaughan does not recall ever having a conversation with Brad Abercrombie or with someone else regarding Brad

Abercrombie. *Id*.

20. The records of the Saline County Sheriff's Office do not contain a report that Brad Abercrombie ever made a complaint to the Patrol Division or any other division that he was fearful that Steven Potter would cause him harm. Exhibit G, Affidavit of Scott Courtney.

21. If Brad Abercrombie had in fact complained to the SCSO that Steven Potter was threatening him, a report would have been made. *Id*.

/s/ George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Phil Mask and Bill Field
Ellis Law Firm, P.A.
P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000
(501) 315-4222 [fax]
*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS